IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GABRIEL G. ATAMIAN, MD | : | CIVIL ACTION |
| v. | : | |
| JAMES J. GENTILE, DDS and JANE DOE, a/k/a Ms. Shelby, Secretary | : | NO. 07-cv-00241-JF |

MEMORANDUM AND ORDER

Fullam, Sr. J.                                                October 16, 2008

Plaintiff, who is acting *pro se*, is suing a dentist and the dentist's secretary for professional malpractice.  He is also claiming that he has been discriminated against on grounds of ethnicity and/or religion, and has been defamed.

The case was originally filed in the District of Delaware but, on January 18, 2007, was transferred to this District.  Shortly thereafter, the defendants sought to have the case dismissed because plaintiff had failed to comply with Pennsylvania Rule of Civil Procedure 1042.3, which requires that, in professional malpractice cases, plaintiff must file a certificate of merit by an appropriate professional.  On April 4, 2007, I denied the motion to dismiss, on the theory that (1) plaintiff alleged that he himself was a duly licensed medical doctor and (2) many of his claims did not involve professional malpractice.  After further procedural developments, I now conclude that that ruling was unduly generous to plaintiff.

It is true that, in his various filings, plaintiff asserts that he is, among other things, a medical doctor.  It is clear, however, that he is not now licensed to practice medicine in any state of the Union.  Plaintiff also asserts that he possesses a law degree, as well as degrees in various engineering fields.  The accuracy of these allegations need not be considered and would be irrelevant in any case (the record makes clear that plaintiff is not employed in any fashion, and has not been for some time).

As the parties are well aware, plaintiff has a lengthy history of suing dentists (among other targets), without success.  Throughout his litigation history, he has constantly, and repeatedly, asserted that all of the wrongdoing of the various defendants is predicated upon their participation in a vast "Jewish conspiracy" (his brother was killed in an auto accident involving a Jewish driver; his mother was murdered by a Jewish medical doctor who mistreated her for high blood pressure; and Jewish physicians have either succeeded in, or sought to succeed in, preventing plaintiff from practicing medicine, and have caused him to voluntarily surrender his medical license in Virginia).  The documentation furnished by plaintiff himself establishes that he has been under psychiatric care for many years, and has frequently been precluded from practicing medicine because of his psychiatric problems.

It is equally clear that the allegations of dental malpractice asserted against the defendants in this case are precisely the same as were asserted against another dentist in earlier litigation in this Court, before my colleague Judge Buckwalter, <u>Atamian v. Mohammadreza Assadzadeh & Campus Dental Center, Inc.</u>, E.D. Pa. 00-cv-3182 (which was dismissed in April 2002).

Defendants have filed a motion for summary judgment, pointing out that plaintiff has failed to disclose the names of any expert witnesses he intends to call (other than the defendant Gentile himself), and has not provided any expert reports.  It is clear, in my view, that plaintiff cannot possibly succeed in this action without expert testimony.  I am also persuaded that he should have been required to provide a certificate of merit, and that my earlier decision in his favor was erroneous.  Plaintiff is not actually a practicing medical doctor, but even if he were, he is not competent to testify about the practice of dentistry.  It is also abundantly clear that plaintiff has violated Fed. R. Civ. P. 26(a)(2)(C).

For these reasons, all of plaintiff's claims of professional malpractice must be dismissed.  Most of his other claims were dismissed while the case was still pending in Delaware.  In any event, they are plainly lacking in merit.  Defendants were under no legal obligation to continue to treat plaintiff; since they are not state actors, they have no legal

obligation to avoid discrimination against others.  Plaintiff's claim that he was defamed because of accusations that he was anti-Semitic cannot be taken seriously, given his history of anti-Semitic actions.

     For all of the foregoing reasons, defendants' motion for summary judgment will be granted, and this case will be dismissed with prejudice.

     An order follows.

```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA


GABRIEL G. ATAMIAN, MD           :        CIVIL ACTION
                                 :
          v.                     :
                                 :
JAMES J. GENTILE, DDS and        :
JANE DOE, a/k/a Ms. Shelby,      :
Secretary                        :        NO. 07-cv-00241-JF
```

ORDER

AND NOW, this 16th day of October 2008, upon consideration of defendants' motion for summary judgment, and plaintiff's response, IT IS ORDERED:

1. Defendants' motion for summary judgment is GRANTED.

2. This action is DISMISSED with prejudice.


                                    BY THE COURT:


                                     /s/ John P. Fullam
                                    John P. Fullam, Sr. J.